UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

HOI KWONG CHAN,

           Plaintiff,

  - against -

RAG AND BONE INDUSTRIES, LLC, DAVID
NEVILLE, and MARCUS WAINRIGHT,

           Defendants.
------------------------------------------X

15 Civ. 6319 (RWS)

O P I N I O N

A P P E A R A N C E S:

        Pro se Plaintiff

        HOI KWONG CHAN
        92-40 52nd Avenue, 1st Floor
        Elmhurst, NY 11373


        Counsel for Defendants

        WINSTON & STRAWN LLP
        200 Park Avenue
        New York, NY 10166
        By:  Stephen L. Sheinfeld
             Brian A. Smith

**Sweet, D.J.,**

Defendants Rag & Bone Industries LLC ("Rag & Bone"), David Neville, and Marcus Wainwright (collectively, "Defendants") have moved to compel Plaintiff Hoi Kwong Chan ("Plaintiff" or "Chan") to respond to Defendants' discovery requests. As set forth below, this motion is granted in part and denied in part.

## I. Prior Proceedings

This action was initiated on August 11, 2015. Chan filed a complaint for employment discrimination, alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e17; the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-34; and New York State Human Rights Law, N.Y. Exec. Law §§ 290-97 and N.Y. City Admin. Code §§ 8-101-31. Chan alleged that he was subject to unequal terms and conditions of employment, failure to promote, termination, and retaliation based on race, national origin, and age. He asked for $300,600 in damages: $200,600 for two years' lost wages and $100,000 for defamation of character and emotional distress.

The Court adopted a Scheduling Order requiring initial discovery disclosures by March 21, 2016 and initial discovery requests served by May 19, 2016. All fact discovery was set to be complete by August 12, 2016, all expert discovery was set to be complete by October 14, 2016, and all dispositive motions were to be submitted by October 14, 2016. The Defendants served initial discovery requests on Plaintiff on May 19, 2016 but have not received responses from the Plaintiff. As a result, the Defendants decided to pursue the instant motion, which was deemed fully submitted on September 1, 2016.

II. **Applicable Standards**

Rule 26 "create[s] many options for the district judge . . . [to] manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." Crawford-El v. Britton, 523 U.S. 574, 599, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). It "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. at 598. The district court may expand or limit the permitted number and time limits of depositions, direct "the time, place, and manner of discovery, or even bar discovery on certain subjects," and may "set the timing and sequence of discovery." Id. at 598-99; Fed. R. Civ. P. 26(b)(2)(A).

3

Consequently, the Court has wide discretion in deciding motions to compel. See Grand Cent. P'ship. Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999). Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed. R. Civ. P. 26. If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. Freydl v. Meringolo, 09 Civ. 07196 (BSJ)(KNF), 2011 WL 256608-7, at *3 (S.D.N.Y. June 16, 2011).

### III.   The Motion to Compel Is Granted

It is without doubt that the Plaintiff, as a *pro se* party, faces challenges above and beyond those of a represented party during the course of this litigation. *Pro se* parties must familiarize themselves with complex legalese, educate themselves on the laws that exist, and evaluate large volumes of documents without the benefit of having had prior litigation experience. The Plaintiff here faces additional adversity; his son, Perry Chan ("Mr. Chan"), has made the Court aware of the Plaintiff's

4

extensive health issues relating to the complications in this litigation. However, like all parties to a lawsuit, the Plaintiff must comply with the rules of the process. "Deadlines provided by the Court are not advisory; rather, they are firm dates that parties, even *pro se* litigants, are expected to meet." Crawford-Bey v. N.Y. & Presbyterian Hosp., No. 08 CIV.5454 RJS KNF, 2010 WL 2143673, at *5 (S.D.N.Y. May 26, 2010); see also Batac v. Pavarini Constr. Co., Inc., 216 Fed. App'x 58, 60 n. 1 (2d Cir. 2007) (affirming district court imposition of sanctions on pro se litigant who failed to comply with discovery deadlines).

The Plaintiff and Mr. Chan participated in a meet-and-confer during which the parties agreed upon the deadline that was adopted by this Court's Scheduling Order dated March 21, 2016. They were aware of the May 19, 2016 discovery request date well in advance. Upon making the discovery requests, Defendants gave the Plaintiff 30 days to reply; when the Plaintiff failed to do so, counsel for Defendants reached out on June 27 and again on July 11 requesting to discuss the status of the case. The Plaintiff responded to neither request. It was not until July 22 when the parties were able to connect, but even on that date, the Plaintiff and Mr. Chan declined to state when the Plaintiff intended to respond to the Defendants' initial

5

discovery requests.

Based on these circumstances, as well as the relevance of the Defendants' initial discovery requests, Fed. R. Civ. P. 26(b)(1), Defendant's motion to compel is granted. In light of Plaintiff's *pro se* status Plaintiff is granted 60 days from the date of this order to comply. Additionally, given Mr. Chan's representation to the Court of the Plaintiff's lack of financial resources, and with no evidence to establish the contrary, the Court finds his financial situation "make[s] an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Defendants' request that they be awarded reasonable expenses incurred in opposing the plaintiff's motion to compel, including attorney's fees, is denied. See Crawford-Bey, 2010 WL 2143673, at *5.

Defendant's request to extend the discovery deadlines as originally set forth in the March 2016 schedule is also granted. The schedule is hereby modified as follows:

- All fact discovery shall be completed no later than February 16, 2017.

- All expert discovery, including reports, production of underlying documents, and deposition, shall be completed no later than April 17, 2017.
- All dispositive motions shall be submitted to the Court by May 17, 2017.

It is so ordered.

New York, NY
December 20, 2016

ROBERT W. SWEET
U.S.D.J.